IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL MARTIN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-21-2568 |
| OFFICE OF THE STATES ATTORNEY FOR BALTIMORE COUNTY, | * | |
| | * | |
| Defendant. | | |

***

## MEMORANDUM

Plaintiff Michael Martin filed the above-captioned Complaint on October 6, 2021 (ECF1), together with a Motion for Leave to Proceed in Forma Pauperis.  ECF 2.  Martin brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, asking this court to order the Office of the State's Attorney for Baltimore County to produce the prosecution's files in Case No. 03-K-13-002125, which Martin alleges he has previously requested.  ECF 1.  Because Martin appears indigent, his Motion for Leave to Proceed in Forma Pauperis shall be granted.  However, for the reasons that follow, the Complaint will be dismissed, without prejudice.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint."  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless

and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Here, Martin alleges subject matter jurisdiction pursuant to FOIA. ECF 1 at 1. Federal courts, however, have noted that "'FOIA applies only to federal and not to state agencies.'" *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012) (quoting *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999), and citing *Philip Morris, Inc. v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA . . . applies only to federal executive branch agencies")). Indeed, under FOIA, "agency" is defined as "each authority of the Government of the United States." 5 U.S.C. § 551(1).

The Office of the State's Attorney of Baltimore County is not a federal agency. Therefore, there is no basis for jurisdiction in this Court, and the Complaint must be dismissed. Although Martin may be able to seek relief through the Maryland Public Information Act, Md. Code Gen. Provis. Art. § 4-101 *et seq.*, his claim may not proceed here.

A separate Order follows.

October 7, 2021　　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge